UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NYRON JOEL NICHOLS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 23-1822 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WARDEN STEVIE KNIGHT, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I. INTRODCUTION

Petitioner, Nyron Joel Nichols ("Petitioner" or "Nichols"), is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner was incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey when he initiated this proceeding. The Federal Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner is to be released from BOP custody on March 13, 2024. *See https://www.bop.gov/inmateloc/* (last visited on February 29, 2024). Petitioner has also filed a conditional motion to stay these proceedings pending a result of *Loper Bright Enters. v. Raimondo*, No. 22-451, which was argued before the Supreme Court on January 17, 2024. *See https://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalJanuary2024.pdf* (last visited on February 29, 2024). Petitioner argues he may be entitled to a conditional stay in this case in the event this Court needs to address *Chevron v. Natural Res. Def. Council*, 467 U.S. 837 (1984). Petitioner has also filed a motion confirming full exhaustion of administrative remedies. (*See* ECF 10).

For the following reasons, Petitioner's habeas petition is denied. Petitioner's motion for a conditional stay is denied and Petitioner's motion confirming full exhaustion is denied as unnecessary given this Court has chosen to bypass any lack of exhaustion argument by Respondent and deny the habeas petition on the merits.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

This Court previously outlined the factual and procedural history giving rise to Petitioner's federal criminal convictions in a recent opinion denying a separate § 2241 habeas petition from Petitioner. In that case, this Court stated as follows:

> A jury in the United States District Court for the Western District of Virginia found Petitioner guilty of the following in 2008:
>
> > 1. One count of conspiracy to distribute more than fifty grams of cocaine base and a quantity of cocaine powder in violation of 21 U.S.C. § 846;
> > 2. Three counts of distribution of cocaine powder in violation of 21 U.S.C. § 841(a)(1);
> > 3. Two counts of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); and
> > 4. One count of possession of a firearm in relation to a drug trafficking crime in violation of 18 § 924(c)(1).
>
> (*See* W.D. Va. Crim. No. 07-06 ECF 150 at 1-2). Petitioner initially received a life sentence [on the drug convictions] plus sixty months [consecutive for the firearms conviction]. (*See id.* at 3).
>
> In 2015, the Western District of Virginia reduced Petitioner's sentence to 384 months. (*See id.* ECF 329). In 2020, Petitioner's sentence was further reduced to 240 months pursuant to the First Step Act ("FSA"). (*See id.* ECF 353). In November, 2022, the Western District of Virginia granted Petitioner's motion for a judicial recommendation for a twelve-month placement in a Residential Reentry Center ("RRC") (*see id.* ECF 371). As noted above, Petitioner is set to be released from BOP custody in March, 2024.

*Nichols v. Knight*, No. 22-5808, 2023 WL 8751265, at *1 (D.N.J. Dec. 18, 2023).

In March, 2023, Petitioner initiated this habeas action. Following the passage of the FSA, Petitioner requests that he be treated as eligible for earned time credits under the FSA for the portion of his sentence served related to his drug offenses. (*See* ECF 1 at 6). Petitioner asserts that the BOP has denied a request for these credits because he is serving a 240-month sentence, which includes a conviction under 18 U.S.C. § 924(c), thereby rendering ineligible for FSA earned time credits.

Respondent filed an opposition to Petitioner's habeas petition. (*See* ECF 5). Respondent makes several arguments in the opposition; most notably: (1) Petitioner did not exhaust administrative remedies; (2) the FSA's plain language precludes inmates convicted of certain offenses from earning time credits; (3) statutory construction principles demonstrate that Congress intended to exclude inmates convicted of certain offenses and serving aggregate sentences from receiving time credits; and (4) the BOP's interpretation is reasonable and worthy of decisive weight.

Petitioner filed a reply in support of his habeas petition. (*See* ECF 7). Additionally, as noted in *supra* Part I, Petitioner has also filed a motion for a conditional stay (*see* ECF 8) as well as a motion confirming exhaustion of administrative remedies. (*See* ECF 10).

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

IV.     DISCUSSION

A. Exhaustion

Respondent first argues that Petitioner has failed to exhaust administrative remedies. "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted). Exhaustion is required because it "(1) allow[s] the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permit[s] agencies to grant the relief requested conserves judicial resources; and (3) provid[es] agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citations omitted).

Even if a petitioner fails to exhaust a § 2241 habeas claim, a court has discretion to either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court. *See Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006). This Court will bypass any potential exhaustion issues and exercise its discretion to decide the habeas petition on its merits. Because this Court is deciding the claim on the merits, Petitioner's motion related to exhaustion of administrative remedies (*see* ECF 10) will be denied as unnecessary.

B. Merits

Petitioner argues that the BOP is improperly denying him earned time credits under the FSA. As this Court previously explained in analyzing Petitioner's prior habeas petition:

> The FSA of 2018 required the Attorney General, within 210 days of the date of enactment, to develop a "risk and needs assessment system" for federal inmates that would "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(a), (d). The BOP released the risk and needs assessment on July 19, 2019,

entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN"). *See, e.g.*, *Hare v. Ortiz*, Crim. No. 18-588-1, 2021 WL 391280, at *1 (D.N.J. Feb. 4, 2021).

The FSA directed the BOP to "implement and complete an initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within 180 days of PATTERN's release date. 18 U.S.C. § 3621(h)(1)(A). To earn time credits under the FSA an inmate must successfully complete programs addressing the needs of the inmate. *See, e.g.*, 18 U.S.C. § 3632(d)(4)(A). Nevertheless, the FSA lists certain categories of prisoners who are ineligible to receive credits under the FSA based on offenses for which the prisoner was convicted. *See id.* at § 3632(d)(4)(D). Included amongst those ineligible inmates are inmates who are serving a sentence for a conviction under 18 U.S.C. § 924(c) related to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Section 924(c)(1)(A) of Title 18 of the United States Code states as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

*Nichols*, 2023 WL 8751265, at *2-3. Ultimately, this Court determined in that prior habeas case that Petitioner was not entitled to receive earned time credits under the FSA because he was serving a § 924(c) conviction. *See Nichols*, 2023 WL 8751265, at *3-4.

In this habeas petition, Petitioner makes a slightly different argument than his prior habeas petition. Indeed, Petitioner asserts this Court should determine that he has already served his § 924(c) sixty-month sentence such that he should be eligible for FSA earned time credits for the remaining portion of his sentence he is serving on his drug conviction sentences.

Courts have rejected similar arguments where the BOP treats a prisoner's sentence in the aggregate to deny FSA earned time credits when a petitioner's conviction and sentence includes one prohibited under the FSA from earning such credits. As noted above, in Petitioner's prior habeas petition, this Court noted that he was not entitled to receive FSA credits due to his § 924(c) conviction. Given these facts and the state of the law, as one court within this District has persuasively noted:

> contrary to [p]etitioner's assertion that the BOP is being unreasonable in treating his sentences as a single aggregate, however, 18 U.S.C. § 3584(c) explicitly requires that the BOP treat multiple sentences ordered to run consecutively or concurrently to be treated for administrative purposes as a "single, aggregate term of imprisonment." Because the calculation of sentencing credits is an "administrative purpose," the BOP is required by the statute to treat sentences like [p]etitioner's which include at least one conviction for an FSA ineligible crime as a single aggregate term which is not subject to the accrual of FSA credits.

*Wallace v. Knight*, No. 22-6705, 2023 WL 4954727, at *1 (D.N.J. Aug. 3, 2023) (citing *Teed v. Warden FCI Allenwood*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648 (3d Cir. 2021)); *see also Hamrick v. Warden of FCI-Allenwood Low*, No. 23-567, 2023 WL 7413330, at *4 (M.D. Pa. Nov. 9,

2023) (noting that attempts by petitioner to bifurcate consecutive sentences for purposes of FSA eligibility have been consistently rejected by the courts).

As Petitioner's current aggregate sentence includes a term for a conviction under § 924(c), one in which this Court previously determined made him ineligible to receive FSA earned time credits, he is not eligible for earned time credits under the FSA. Thus, the habeas petition will be denied. Because this Court need not consider *Chevron* and its progeny, Petitioner's motion for a conditional stay will also be denied.

V.     CONCLUSION

For the foregoing reasons, Petitioner's habeas petition and his conditional motion to stay are denied. Petitioner's motion confirming exhaustion is denied as unnecessary given this Court has chosen to bypass Respondent's lack of exhaustion argument and deny Petitioner's habeas petition on the merits. An appropriate order will be entered.


DATED: March 4, 2024

s/ Robert B. Kugler
Robert B. Kugler
United States District Judge